**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** | * | |
| **TRIGEE FOUNDATION, INC.** | * | **Case No.  12-00624** |
| | | **Chapter 11** |
| **Debtor** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **TRIGEE FOUNDATION, INC.** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Adversary No. 16-10025** |
| **LERCH, EARLY & BREWER** | * | |
| **and** | * | |
| **JEFFREY M. SHERMAN** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TRIGEE FOUNDATION, INC'S MOTION FOR RECUSAL OF JUDGE**

Plaintiff, Trigee Foundation, Inc., by and through its undersigned counsel, Douglas R. Smith of WhitworthSmith LLC, respectfully asks this Court's judge, The Honorable S. Martin Teel, Jr., to recuse and disqualify himself from this case (and any related cases or adversary proceedings) for reasons states as follows.

**INTRODUCTION**

1.  This is a legal malpractice case arising from bankruptcy proceedings of Debtor Trigee Foundation, Inc. ("Trigee") over which Judge Teel presided. As the Bankruptcy Court presiding Judge, Judge Teel ruled on numerous motions covering numerous issues and has personal knowledge of all aspects of the bankruptcy

proceedings.

2. Trigee brought suit for legal malpractice for services performed by its legal counsel in those bankruptcy proceedings against Lerch, Early & Brewer, Chtd. ("Lerch, Early") and Jeffrey M. Sherman, Esquire, ("Sherman") for services rendered through June 30, 2013 and against Jeffrey M. Sherman, Esquire for services rendered after June 30, 2013.

3. Trigee filed its legal malpractice suit in Superior Court of the District of Columbia. Defendants thereupon removed the case to the Bankruptcy Court. Judge Teel then was in the position of presiding over the legal malpractice case between the Debtor and its legal counsel from the bankruptcy case over which he presided.

## **ARGUMENT**

4. Judge Teel is as familiar with the facts of the bankruptcy case as anyone, arguably more than anyone. He has personal knowledge of disputed evidentiary facts concerning the proceeding. Judge Teel has personal knowledge of why he ruled on disputed evidentiary facts concerning the proceeding, and he knows better than anyone why he ruled as he did. He has personal knowledge of the evidence concerning the proceeding he allowed in and that which he kept out, and why. He has personal knowledge of the parties and counsel and has personal knowledge of why he ruled for or against parties on issues and motions; he knows better than anyone why.

5. Because Judge Teel clearly has personal knowledge of disputed evidentiary facts concerning the proceeding, he should recuse and disqualify himself from this matter.

6. The words of 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge - are, in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

7. The language is mandatory: "He <u>shall</u> also disqualify himself in the following circumstances...." (Emphasis added)

8. That the basis for recusal/disqualification exists is certain. Indeed, it is admitted by Defendant Sherman.

9. At the hearing before Judge Teel on October 20, 2016, Sherman, in open court and on the record, stated to Judge Teel words to the effect: There are only two people who really knew what happened in the Trigee Chapter 11 case, you [Judge Teel] and me.

10. A judge cannot reasonably be impartial and unbiased, and appear to be, if she or he has personal knowledge of disputed evidentiary facts; the judge's evidentiary rulings may be influenced by that knowledge. This concern is especially important when the evidentiary facts personally known by the judge are not part of the evidentiary or factual record of the case, or the evidentiary facts conflict with evidence presented in

court.  This applies as well to a judge who is not serving as fact finder.

11. Judge Teel should recuse himself pursuant to the second phrase of section (b)(1) above.

12. Additionally, Judge should recuse himself pursuant to section (a) and the first phrase of section (b)(1) above, for multiple reasons, discussed below.

13. The first reason is that Judge Teel questioned the veracity of Johnnie Mae Durant, the President and CEO of Trigee.

14. Ms. Durant made a sworn statement in her Affidavit that was an exhibit to Plaintiff's Opposition to Defendant Lerch, Early's Motion for Summary Judgment. At the hearing on October 20, 2016, the Court commented on both Defendants' failure to inform the Court and Trigee that both Defendants had represented an adversary of Trigee in the bankruptcy prior to the bankruptcy. The Court had before it the Affidavit by Ms. Durant, which included the statement:

> " 3.  Had Trigee, I or any member of Trigee been aware or known that anyone at LEB had prior represented Blackburne and Brown Mortgage ("Blackburne") or any other former creditor or had any hint of conflicts at any time in the past, Trigee would not have retained LEB or Mr. Sherman for any professional legal services."

15. In spite of Ms. Durant's sworn statement of the Affidavit, the Court improperly questioned the credibility of Ms. Durant for her assertion. Judge Teel said that he doubted Ms. Durant's statement, saying "...I seriously doubt that if it had been disclosed to Trigee, that it would not have employed Mr. Sherman..." (Document # 513 Audio Transcript)

16. Judge Teel's statement that "I seriously doubt...[Ms. Durant and Trigee]"

4

raises the issue of Judge Teel's impartiality. Section (a) above states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

17. The Court's statement also suggests a bias. Section (b)(1) above states:

> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party,....

18. Compounding the Court's statement is the law on what a Court may and may not do in deciding a summary judgment motion. The Court is not supposed to make conclusions on credibility. The U.S. District Court for the District of Columbia has said:

> On a motion to dismiss or for summary judgment, a judge "In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute."  Shipman v. Nat'l R.R. Passenger Corp., 76 F. Supp. 3d 173, 178 (D.D.C. 2014).  The evidence must be analyzed in the light most favorable to the Plaintiff, with all justifiable inferences drawn in its favor.  Id.  In the end, this Honorable Court's task is to determine whether the evidence presents a sufficient disagreement to require the submission of this matter to a jury or whether it is so one-sided that one party must prevail as a matter of law.  Id.

19. The test of 28 U.S. Code § 455 (a) and (b)(1) should be an objective standard; not whether the Judge believes he can be impartial, but rather whether an independent person would believe he can be impartial.

20. Another basis for recusal is Judge Teel's relationship with Defendant Sherman, the parameters of which are unknown. Judge Teel was quoted publicly praising Mr. Sherman and referring to their work together in a D.C. Bar "News" piece

dated June 14, 2016, a time when the legal malpractice case against Defendants Sherman and Lerch, Early was within the jurisdiction of the Bankruptcy Court. The legal malpractice case was filed in March, 2016 and the Notice of Removal to Bankruptcy Court was filed by Defendant on May 23, 2016. The news piece says, in part:

> "In support of Sherman's nomination for this award, Judge S. Martin Teel Jr. of the U.S. Bankruptcy Court for the District of Columbia said that Sherman "**has been a guiding force** in ensuring that free legal advice is available to indigent parties in bankruptcy matters."
>
> Judge Teel added that Sherman **worked "tirelessly" with him** and the Clerk's Office to establish the Bankruptcy Assistance Center, which provides legal advice to unrepresented parties in bankruptcy matters." (Emphasis added)
> *https://www.dcbar.org/about-the-bar/news/jeffrey-sherman.cfm*

21. A reasonable person, especially one who is before the Court in a lawsuit against Sherman, would reasonably raise the question of whether the Court can be impartial, especially when her or his case is an *active* malpractice case before the Court and the public praise for Mr. Sherman was timed during the active malpractice case.

22. The court has further publicly recognized Mr. Sherman as an influential voice for the court as well, since Mr. Sherman served on the "Advisory Committee on Local Bankruptcy Rules" and helped draft the Court's local rules.  A reasonable person could therefore question the impartiality of the Court because he or she could conclude that it is unlikely that the Court would want the embarrassment of sanctioning or finding unethical conflict or malpractice by one of the court's own rule makers.

Therefore, it is our hope that the Court may welcome the opportunity to show that

it holds itself and those it praises publicly for its close work with the Court to the highest standard by recusing itself when there are questions of ethics, conflict or malpractice before the Court.

WHEREFORE, Plaintiff respectfully asks this Court to grant its Motion and for Judge Teel to recuse and disqualify himself from this case.

                        Respectfully submitted,

                        /s/

                        _____
                        Douglas R. Smith    (114975)
                        9830 La Duke Drive
                        Kensington, Maryland 20895
                        Phone: 301-563-3000
                        Fax: 301-563-3070
                        doug@dougatlaw.com
                        Attorneys for the Trigee Foundation, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 19th day of December, 2016, a copy of the foregoing was sent via first class mail, postage pre-paid or, if so indicated on the cm/ECF receipt, via electronic mail to:

James P. Ulwick, Esq.
Geoffrey H. Genth, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202

Jeffrey M. Sherman, Esq.
Law Offices of Jeffrey M. Sherman
1800 K. Street, N.W.
Suite 624
Washington, DC 20036

Douglas R. Smith, Esquire
Whitworth Smith, LLC
9830 La Duke Drive
Kensington, Maryland 20895

David G. Whitworth, Jr., Esquire
Whitworth Smith, LLC
839 Shore Drive
Edgewater, Maryland 21037

Office of the United States Trustee
115 South Union Street
Suite 210
Plaza Level
Alexandria, Virginia 22314

/s/
_____
Douglas R. Smith