The document below is hereby signed.

Signed: March 17, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10025 |
| LERCH, EARLY & BREWER, | ) | |
| CHTD., _et al._, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE DEFENDANT SHERMAN'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

In this adversary proceeding asserting legal malpractice claims, the remaining defendant, Jeffrey M. Sherman, has filed a _Motion to Dismiss or, in the Alternative, for Summary Judgment_ with respect to claims related to legal services he provided to the plaintiff after June 30, 2013.  _See_ Dkt. No. 32.  I will deny the _Motion_ for the following reasons.

The court previously dismissed the legal malpractice claims in this adversary proceeding that were based on allegations arising from professional services performed by Lerch, Early & Brewer, Chtd. ("Lerch Early") and Sherman through June 30, 2013. That date, June 30, 2013, is both the date by which Lerch, Early & Brewer, Chtd. ceased providing professional services to the plaintiff, Trigee Foundation, Inc. ("Trigee"), and the date by which Sherman ceased to be an employee of Lerch Early. Sherman, as a solo practitioner, took over the representation of Trigee in its bankruptcy case after June 30, 2013. The court dismissed this adversary proceeding with prejudice with respect to the claims asserted against Lerch Early, and accordingly dismissed that law firm as a defendant. That left still in place any claims against Sherman in the adversary proceeding based on professional services that Sherman provided after June 30, 2013.

Sherman contends that he was sued in the capacity of being a shareholder, member, partner, principal, employee, or agent of Lerch Early, and not in his individual capacity, such that he has not been sued in his individual capacity with respect to any conduct after June 30, 2013, when he was no longer associated with Lerch Early. Sherman seizes upon the allegation in the complaint that:

> Defendant Sherman at all pertinent times was a shareholder, member, partner, principal, employee, or agent or otherwise held himself out as a shareholder, member, partner, principal, employee, or agent of Lerch

2

>    Early; and was acting within the scope of employment,
>    partnership, agency, and authority and/or within the
>    scope of his apparent employment, partnership, agency,
>    and authority.

Complaint ¶ 4. That allegation, however, does not assert that the plaintiff only sued Sherman in his capacity as a shareholder, member, partner, principal, employee, or agent of Lerch Early. Rather, the allegation, if proven true, would make Lerch Early liable for any malpractice committed by Sherman in representing Trigee. It has been demonstrated that Sherman ceased to be associated with Lerch Early by June 30, 2013, and, accordingly, Lerch Early *cannot* be held liable for any malpractice committed by Sherman that occurred after June 30, 2013.

There is nothing in the complaint to suggest that if the allegation that at all pertinent times Sherman was associated with Lerch Early proved to be inaccurate, the plaintiff did not seek damages against Sherman for alleged acts of malpractice he committed once he was no longer associated with Lerch Early. The complaint alleges that both defendants committed the alleged acts of malpractice. While it turns out that any acts of malpractice committed after June 30, 2013, were *not* committed by Lerch Early, Sherman still faces the claims of having allegedly committed acts of malpractice after June 30, 2013. The complaint makes clear that Trigee seeks damages against Sherman, not only against Lerch Early.

Sherman relies upon *Amos v. Md. Dep't of Pub. Safety*, 126 F.3d 589 (4th Cir. 1997), in contending that the complaint must be treated as suing him only in his capacity as a shareholder, member, partner, principal, employee, or agent of Lerch Early. However, *Amos* dealt with a case in which state officials were expressly sued in their official capacities, and not in their individual capacities. Critically, when sued in only their official capacities, such officials have no liability. It is therefore necessary in such cases for the court to ascertain the actual capacity (or capacities) in which such officials are sued.

Unlike in an action against a state official, who a plaintiff intends to sue only in his or her official capacity, in this case there was no need for Trigee to allege in what capacity Sherman was sued: Sherman was potentially liable for malpractice he committed whether he was associated with Lerch Early or was acting as a solo practitioner. Moreover, the plaintiff sought damages against both Sherman and Lerch Early, clearly indicating that Sherman was being sued individually. The allegation that Sherman "at all pertinent times was a shareholder, member, partner, principal, employee, or agent or otherwise held himself out as a shareholder, member, partner, principal, employee, or agent of Lerch Early" cannot be read as alleging that Sherman is sued only with respect to acts committed in that capacity.

4

It is thus

ORDERED that Jeffrey M. Sherman's *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Dkt. No. 32) is DENIED, and within 14 days after entry of this *Memorandum Decision and Order*, Sherman shall file an answer to the complaint.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.