The document below is hereby signed.

Signed: September 28, 2017



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10025 |
| LERCH, EARLY & BREWER, | ) | |
| CHTD., *et al.*, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Jeffrey M. Sherman ("Sherman"), the sole remaining defendant in this adversary proceeding, has filed a *Motion for Summary Judgment* (Dkt. No. 57), seeking dismissal of this adversary proceeding in its entirety, with prejudice. Sherman's *Motion for Summary Judgment* relies on two arguments: (1) the court's interim award of compensation for services rendered in July and August of 2013 has *res judicata* effect that bars the plaintiff from now

raising negligence and legal malpractice claims against Sherman for work performed during that time, and (2) the plaintiff's claims are insufficient as a matter of law to provide a basis for awarding the plaintiff relief because of the plaintiff's failure to mitigate damages and because of the plaintiff's contributory negligence.  *See* Dkt. No. 57.  The plaintiff filed an opposition (Dkt. No. 64) ("*Opposition*"), asserting that: (1) the interim award of compensation has no res judicata effect because it was not a final order; (2) summary judgment is inappropriate because there are genuine disputes of material fact regarding (a) the plaintiff's knowledge of the basis for its negligence and malpractice claims against Sherman prior to entry of the interim fee award, and (b) the plaintiff's contributory negligence with respect to its claims against Sherman; and (3) this court has no jurisdiction over the plaintiff's malpractice claims related to Sherman's failure to competently pursue a Superior Court case on behalf of the plaintiff.  *See* Dkt. No. 64.

I

FACTS

In its complaint, the plaintiff, Trigee Foundation, Inc. ("Trigee"), pursues malpractice claims against the defendant, Jeffrey M. Sherman, who represented Trigee in its bankruptcy case in this court (Case No. 12-00624) first as an attorney with Lerch, Early & Brewer, Chtd. ("Lerch Early") through the last

2

work week of June 2013, and then as a solo practitioner starting in July 2013.  Trigee originally asserted its claims against both Sherman and Lerch Early for malpractice in their representation of Trigee in its bankruptcy case.  However, Lerch Early and Sherman filed a motion (Dkt. No. 3) pursuant to Fed. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 to dismiss Trigee's claims for failure to state a claim or, in the alternative, for partial summary judgment dismissing those claims.

The court issued a memorandum decision and order granting their motion in regards to those of the plaintiff's claims relating to professional services performed through June 30, 2013, on the basis that: (1) the claims of malpractice were barred by the *res judicata* effect of this court's order granting the final fee application of Lerch Early and Sherman for legal services rendered through June 30, 2013, and (2) the complaint failed to otherwise state a claim upon which relief can be granted.  *See* Dkt. Nos. 19-20.  Pursuant to that memorandum decision and order, the claims against both Lerch Early and Sherman based on allegations arising from professional services performed by both parties through June 30, 2013, were dismissed with prejudice and all claims asserted by Trigee in this adversary proceeding were dismissed with prejudice with respect to Lerch Early.  *See* Dkt. No. 20, at 2.

3

Sherman now moves for summary judgment, requesting that the court deny Trigee's claims related to professional services performed by Sherman (in his capacity as a sole practitioner) during the months of July and August 2013 on the basis of the *res judicata* effect of an interim fee award that Sherman contends should be treated as a final fee award.  Sherman also requests that the court deny all of the plaintiff's claims with prejudice, via summary judgment, based on the plaintiff's failure as a matter of law to state a claim of legal malpractice, in part due to the plaintiff's failure to mitigate damages and the contributory negligence of the plaintiff.  *See* Dkt. No. 57, at 2-3.

II

MALPRACTICE CLAIMS RELATED TO
SERVICES RENDERED IN JULY AND AUGUST 2013

On September 25, 2013, Sherman filed an application for approval of compensation for professional services he rendered as Trigee's counsel in its chapter 11 case during the months of July and August 2013.  *See* Case No. 12-00624, Dkt. No. 302.  The court granted that application in Case No. 12-00624, Dkt. Nos. 310 and 314.  Sherman continued to represent Trigee in its chapter 11 case through the dismissal of the case in September 2014.  The case was closed in October 2014.

Sherman claims that the orders granting his interim fee application should be deemed final because Trigee pursued

voluntary dismissal of its case before the date on which Sherman could have applied for further interim compensation.  *See* Dkt. No. 57, at 7, 9 (citing 11 U.S.C. § 331).  He notes that the second order granting interim compensation (Dkt. No. 314) "was designed and intended to be the full compensation payable to [Sherman] on account of legal services rendered in July and August 2013, even if that 'interim' award might be subject to ratification in a final application for approval of compensation payable to [Sherman] at a later date."  Dkt. No. 57, at 9.  Sherman also notes that Lerch Early's final application for approval of compensation was approved without the interim award being adjusted or reviewed.  *See* id. at 9-10.

As a preliminary matter, the fact that Trigee moved to dismiss its case before 120 days had elapsed since Sherman's interim fee application has no bearing on the finality of the order allowing interim compensation.  First, 11 U.S.C. § 331 provides that a debtor's attorney "may apply to the court not more than once every 120 days after an order for relief in a case under this title, *or more often if the court permits*, for such compensation for services rendered before the date of such an application . . . ."  (emphasis added).  Thus, Sherman could have moved for permission to file a final application for interim compensation had he so desired.

5

Moreover, while Trigee filed the motion to dismiss its case on January 13, 2014 (*see* Case No. 12-00624, Dkt. No. 354), that motion was denied via an oral decision at a hearing held on February 4, 2014. *See* Case No. 12-00624, Dkt. No. 392. Sherman filed his application for interim compensation on September 25, 2013. January 23, 2014, was the 120th day after the interim order approving that application was entered. Thus, even without requesting special permission to file another fee application Sherman could have filed another application after January 23, 2014, and certainly after Trigee's motion to dismiss was denied on February 4, 2014. However, Sherman did not do so.

On August 6, 2014, SGA Companies, Inc., on behalf of SGA Companies, other creditors, and Trigee, filed a joint application to compromise. *See* Case No. 12-00624, Dkt. No. 476. On the same day, Sherman filed a joint notice of opportunity to object to that joint application and then an amended joint notice of opportunity to object. *See* Case No. 12-00624, Dkt. Nos. 477-478. The bankruptcy case was dismissed on September 10, 2014, nearly one year after Sherman filed his application for interim compensation. Thus, while Sherman contends that the order granting him interim compensation should be deemed final because he had insufficient opportunity to apply for further compensation, it is evident that Sherman had ample time to do so

and the order granting him interim compensation should not be deemed final on that basis.

Additionally, Sherman's argument that the order granting interim compensation should be deemed a final order with *res judicata* effect because it was not adjusted prior to dismissal of Trigee's chapter 11 case must be denied. "'Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)). In this case, in regards to Sherman's fee application, the court's order allowing interim compensation for services rendered by Sherman during July and August 2013 does not constitute a final judgment on the merits with *res judicata* effect.

Interim fee applications are not intended to be dispositive; they are intended to provide bankruptcy attorneys representing debtors with necessary compensation to make their continued representation over the course of extended bankruptcy proceedings economically feasible. *See In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989) ("Interim fee awards are not final

determinations intended to put a matter to rest.  Rather, they are interlocutory and reviewable, and are intended only to provide some interim relief from the economic hardships of subsidizing litigation.").

Interim fee applications are filed and approved before it is possible for interested parties and for the court to conclusively determine the reasonableness and necessity of the services provided.  "In fact, until a case is concluded, it is impossible for a court to ascertain the full value of the services rendered in comparison to the ultimate results achieved in the case."  *Fernandez*, 441 B.R. at 98 (citing *In re Augie/Restivo Baking Co.*, 64 B.R. 236, 238 (Bankr. E.D.N.Y. 1986).  For this reason, the bankruptcy court retains an absolute right to reexamine and adjust interim fee awards.  *Id*.  *See also Evangeline Ref. Co.*, 890 F.2d at 1321 (noting that interim fee awards are "always subject to the court's reexamination and adjustment during the course of the case.") (internal quotations and citations omitted).  That the court never did so in regards to Sherman's fee application does not indicate that the interim fee award was approved on a final basis or that it became final upon the dismissal of Trigee's case.  Rather, Sherman never applied for final compensation so the court never ruled on the fee application on a final basis.

Sherman notes that the court approved Lerch Early's application for final compensation without making any alterations to the compensation approved pursuant to Lerch Early's interim fee application.  However, the fact that the court did so indicates that, after reviewing the services rendered by Lerch Early while it represented Trigee, the court saw no reason to disgorge fees that had been approved on an interim basis or to reduce the unpaid amount of any such allowed fees.

The case law cited by Sherman also does not support his contention.  *In re Yermakov*, 718 F.2d 1465 (9th Cir. 1983), dealt with the finality of an interim allowance of attorney's fees for purposes of appealing such an order. The Ninth Circuit ruled in *Yermakov,* 718 F.2d at 1469, that because all parties agreed that the attorneys had been discharged prior to entry of the order allowing interim compensation and because the attorneys would not have been permitted to file additional applications, the order granting a fee application had "conclusively determined the entire section 330 compensation to be paid" and therefore it constituted a "final judgment, order, or decree appealable under 28 U.S.C. § 1293(b)."  However, the court noted that "[i]f the bankruptcy court meant that [the attorney] could apply for more compensation at a later time, the fee award could only be viewed as an interim order entered pursuant to section 331, and would not be appealable to this court." *Id.*

Similarly, in *In re Iannochino*, 242 F.3d 36 (1st Cir. 2001), the First Circuit held that in order for a court's order awarding interim compensation of fees to be deemed final with *res judicata* effect, the order must have determined all issues related to the attorney's claim for fees. The court noted that "a fee award that determines all of the compensation owed to an attorney under section 330 may be considered final" and such a case exists where the attorney who filed a fee application will not render any further services and therefore will not make any further applications. *Id.* at 44-45 (citing *In re Spillane*, 884 F.2d 642, 644-45 (1st Cir. 1989)). Other case law cited by Sherman is not directly related to the issue of the *res judicata* impact of interim fee awards[1] or does not contradict this court's

---

[1] *See In re Dahlquist*, 751 F.2d 295, 297 (1985) (ruling that where a creditor had appealed a bankruptcy court's interim fee award approved over its objection to a district court, "the dismissal of the underlying bankruptcy proceeding . . . prior to the District Court's order affirming the payment of interim compensation makes the order of the District Court one which is final and appealable under 28 U.S.C. § 1293(b).").

10

determination that the interim fee award approving Sherman's fee application does not have *res judicata* effect.[2]

As previously discussed, Sherman continued to represent Trigee for nearly a year following his application for interim compensation and for almost eleven months following the approval of that application and he could have filed additional fee applications during that time.  The court's order approving Sherman's interim fee application was therefore an interim order rather than a final order.  *See also Fernandez*, 441 B.R. at 98 ("[A]ny compensation approved or paid to a professional while a bankruptcy proceeding remains pending is considered 'interim' compensation.").  For that reason, the court's order approving Sherman's fee application on an interim basis does not hold *res judicata* effect.

---

[2] In *Woodley v. Myles Capital Corp.*, 835 P.2d 239, 244 (Wash. Ct. App. 1992), *reconsideration denied* 848 P.2d 1264 (Wash. 1993), the Court of Appeals of Washington found that the bankruptcy court's interim award was a final order because "where, as here, the scope of the order will not be affected by further proceedings in bankruptcy court" such an interim compensation order is rendered final.  The Court of Appeals did not elaborate its reasons for finding that the scope of the order would not be affected by further proceedings.  In this case, the court had only made an interim determination regarding the reasonableness and necessity of the services rendered by Sherman during July and August 2013 and had contemplated further interim fee applications as well as a final fee application after the case concluded, when the impact of Sherman's services was reviewable for a conclusive determination.  Thus, because this court's interim order approving Sherman's fee application could have been impacted by further proceedings in the bankruptcy court, *Woodley* does not impact this court's ruling holding that the interim fee award does not have *res judicata* effect.

III

CONTRIBUTORY NEGLIGENCE

On March 2, 2016, Trigee filed its complaint against Sherman and Lerch Early for alleged legal malpractice in the Superior Court of the District of Columbia, commencing a civil action. Sherman and Lerch Early removed the civil action to the Bankruptcy Court, where it was assigned Adversary Proceeding No. 16-10025. The complaint contains three counts. Count I alleges negligence (*id.* at ¶¶ 37-43); Count II is for contractual breach (*id.* at ¶¶ 44-47); and Count III is for negligent supervision (*id.* at ¶¶ 48-50). Each count demands $5 million in compensatory damages, disgorgement of legal fees, and other relief. *See* Dkt. No. 1-1.

In a previous ruling in this adversary proceeding resolving a motion to dismiss or, in the alternative, for summary judgment, filed by Lerch Early and Sherman, this court already determined that all malpractice claims against Sherman in connection with services he rendered prior to June 30, 2013 are barred. *See* Dkt. No. 20. It appears that the final remaining claims involve the manner in which Sherman represented Trigee's interests against three creditors: KH Funding Co. ("KH"), SGA Companies, Inc. ("SGA"), and Blockacre Enterprises, L.L.C. ("Blockacre") .

KH held a second deed of trust on Trigee's property. Dkt. No. 1-1, at ¶¶ 30-33. Trigee asserts that, after the automatic

stay was modified on April 11, 2013, KH withdrew its prior willingness to enter into a settlement agreement that would have resolved KH's claims against a Trigee principal (Johnnie Mae Durant) and 1929 16th Street, NW, LLC.  *Id.* at ¶ 31.  According to Trigee, the loss of the so-called "global deal" that would have included Mrs. Durant and 1929 16th Street, NW, LLC has "adversely impacted Trigee and Mrs. Durant, including damaging the [sic] financial stability and credit standing."  *Id.* at ¶ 32. The complaint does not contain any further allegations about any damage suffered by Trigee as a result of the loss of the "global deal" that would have included Mrs. Durant and 1929 16th Street, NW, LLC.  On July 29, 2013, the Bankruptcy Court approved a settlement with KH that preserved "any and all claims . . . in connection with that property located at 1929 16th Street, NW, Washington, DC, [and] the Promissory Note between Johnnie Durant and KH entered into as of March 21, 2005 (as modified or amended)," and provided that "all rights, claims, and defenses of Johnnie Durant, KH, and 1929 16th Street, LLC, with respect thereto are expressly reserved."  Thus, the alleged loss of the "global deal" occurred on July 29, 2013 when the Bankruptcy Court approved a settlement with KH that did not include a global deal.

As for SGA, Trigee alleges that as a result of Trigee having failed to file a confirmable plan, SGA was able to file a competing reorganization plan.  *See* Dkt. No. 1-1, at ¶ 27.  This

claim is barred by the court's prior order as related to services rendered prior to June 30, 2013.  However, Trigee also alleges that when Sherman filed an objection to SGA's claim on behalf of Trigee on August 30, 2013, Sherman failed to raise a number of defenses, including a statute of limitations defense.  *See id.*  Trigee's objection to SGA's claim was filed on August 30, 2013, and is therefore not barred by the court's prior order.  The Bankruptcy Court overruled that objection by an order entered on November 26, 2013.  Trigee, through Sherman, filed a motion on April 14, 2014, to reconsider that order, and the Bankruptcy Court denied that motion on June 2, 2014.

Finally, Trigee alleges that Sherman mishandled a civil suit against a tax lien creditor, Blockacre, by failing to file a proper proof of service and failing to appear in court, causing the case to be dismissed.  *Id.* at ¶ 29.  Sherman filed that suit on Trigee's behalf on December 13, 2013, and is therefore not barred by the court's prior order in this adversary proceeding.

Sherman has presented the defense of contributory negligence, particularly in regards to Trigee's allegations related to the objection to SGA's claims.  Contributory negligence is a valid defense to legal malpractice claims in the District of Columbia but it requires findings of fact and thus ordinarily cannot be resolved through summary judgment.  *See*

*Blake v. Securitas Sec. Servs., Inc.*, 962 F.Supp.2d 141, 146 (D.D.C. 2013) (citing *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C. 1997)). "'[O]nly in the exceptional case is evidence so clear and unambiguous that contributory negligence should be found as a matter of law.'"  *Smith v. Washington Sheraton Corp.*, 135 F.3d 779, 787 (D.C. Cir. 1998) (quoting *Tilghman v. Johnson*, 513 A.2d 1350, 1351 (D.C. 1986)).  This is not such a case.  As such, the court will deny Sherman's motion for summary judgment on the basis of Trigee's alleged contributory negligence.

IV

DAMAGES RESULTING FROM DISMISSAL OF CIVIL SUIT

Sherman has moved for summary judgment, asserting that Trigee's legal malpractice claims related to Sherman's handling of Trigee's civil suit against tax lien creditor Blockacre should be dismissed for lack of actual and compensable damages.  *See* Dkt. No. 57, at 17.  In its complaint, Trigee alleges that Sherman filed a civil suit on behalf of Trigee against Blockacre on the basis of improper and exorbitant fees Blockacre had charged to Trigee but Sherman failed to file proper proof of service and failed to appear in court, resulting in the dismissal of the case, which "caused Trigee and its personnel further embarrassment and damage."  *See* Dkt. No. 1-1, at ¶ 29.

The civil action in the District of Columbia Superior Court, *Trigee Foundation, Inc. v. Blockacre Enterprises, L.L.C.*, 2013 CA

15

008249 B, was filed on December 13, 2013, and dismissed on February 20, 2014.  Thus, it took place during the course of Trigee's chapter 11 bankruptcy proceedings.  Trigee has argued in its opposition to Sherman's motion for summary judgment that the dispute over Sherman's representation of Trigee in the Superior Court case is not within the jurisdiction of this court as it does not arise under title 11 of the United States Code and did not arise in and is not related to a case under title 11.  *See* 28 U.S.C. § 1334(b).  However, Sherman represented Trigee in the Superior Court action against Blockacre while Trigee's bankruptcy proceedings were still pending.  This case is similar to *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009), in which the D.C. Circuit ruled that the district court had § 1334(b) "arising in" jurisdiction over malpractice claims by a former chapter 11 debtor against its former bankruptcy counsel stemming from the counsel's representation of the debtor in proceedings before the Board of Zoning Adjustment while the debtor's bankruptcy case was still pending.  Similarly, the bankruptcy court has "arising in" jurisdiction pursuant to 11 U.S.C. § 1334(b) to hear Trigee's claim against Sherman regarding Sherman's representation of Trigee in the Superior Court suit against one of its creditors while Trigee's bankruptcy case was still pending.

In regards to the sufficiency of the damages alleged by Trigee, there is a genuine dispute of material facts regarding the nature and amount of damages sustained by Trigee. Sherman emphasizes that Trigee incurred no injury because the Superior Court dismissed the case against Blockacre without prejudice and Trigee could have refiled the case had it wanted to do so. Trigee alleges that Sherman never informed its representatives of the applicable statute of limitations for the claim against Blockacre and requested Trigee to allow him to focus on the bankruptcy and afterwards address the claim against Blockacre on their behalf at a later date. Neither party has presented any detailed information regarding Trigee's Superior Court claim against Blockacre, so it is unclear whether the statute of limitations for that claim expired during the pendency of Trigee's chapter 11 bankruptcy case or after the bankruptcy case was dismissed.

Thus, it is unclear if Trigee can rest responsibility on Sherman for its failure to successfully bring a claim against Blockacre in the Superior Court prior to the expiration of the applicable statute of limitations. For the same reason, it is equally unclear if Sherman can disclaim liability for the expiration of Trigee's claim against Blockacre. Because there is still a genuine dispute of material fact in regards to the issue of damages, the court will deny Sherman's motion for summary

judgment regarding the claim of legal malpractice stemming from his representation of Trigee in the Superior Court against Blockacre.

V

ORDER

It is thus

ORDERED that the defendant's motion for summary judgment (Dkt. No. 57) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; recipients of e-notification of filing.