# HENDERSON | LAW

March 10, 2020

**VIA ECF**
The Honorable S. Martin Teel, Jr.
United States Bankruptcy Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Re: **Trigee Foundation, Inc. v. Lerch, Early & Brewer, et al.**
     **Adversary No. 16-10025**

Dear Judge Teel:

I am writing to provide you with the Parties' Joint Status Report in accordance with Your Honor's Order (Doc 114) entered on February 18, 2020.

This Honorable Court previously issued a memorandum decision and order dated September 23, 2016 granting a motion to dismiss filed by the Defendants in regards to Plaintiff's claims relating to professional services performed through June 30, 2013.[1] As a result of that ruling, the sole remaining Defendant is Jeffrey M. Sherman, Esquire. This Honorable Court previously modified the Scheduling Order so as to permit Plaintiff and Defendant Sherman an opportunity to resolve this matter. Accordingly, Defendant Sherman and Plaintiff attended a private mediation with Janet Nesse, Esquire. During the private mediation, Defendant Sherman made representations regarding his financial condition and its impact on any settlement discussions. The Plaintiff and Defendant Sherman agreed to discontinue the private mediation so as to permit Defendant Sherman to submit his financial information to Zvi Guttman, an attorney that is on the panel of Chapter 7 trustees in Baltimore, Maryland, so that Mr. Guttman could provide feedback to Plaintiff's counsel regarding Defendant Sherman's financial solvency or lack thereof without disclosing any specifics of Defendant Sherman's financial condition. Mr. Guttman has advised Plaintiff's counsel that Defendant Sherman has not provided any financial information to him.

In the midst of attempting to draft the instant status report, undersigned counsel reached out to Defendant Sherman to secure his feedback regarding same. In the Order requesting the submission of a Joint Status Report, this Honorable Court advised the Parties to notify it as to whether the proceeding has been resolved and can be dismissed with prejudice or, alternatively, whether it is necessary to issue an amended Scheduling Order addressing a Pretrial Statement submission deadline, along with other pretrial dates. Given the absence of a resolution, undersigned counsel drafted a status report simply requesting the issuance of an amended Scheduling Order.

---

[1] The Plaintiff reserves all available rights with respect to said memorandum decision and order, including, but not limited to, the right to seek reconsideration of Your Honor's rulings regarding the dismissal of claims pre-dating June 30, 2013.

# HENDERSON | LAW

  In turn, Defendant Sherman advised undersigned counsel that he did not object to the substance of the status report, but he did "not join in the request for new scheduling." When undersigned counsel alerted Mr. Sherman that was the only option as a settlement had not been achieved, he responded, in pertinent part, as follows: "I only object to a new scheduling order because I do not want to inhibit further settlement discussion (assuming your clients are still interested). I know Judge Teel was flexible on amendments to such orders but I do not know about a new judge. I object only to that extent. Thanks."

  Your Honor's Order was quite clear. The case has either been resolved and can be dismissed or a new Scheduling Order addressing Pretrial deadlines needs to be issued. The Plaintiff requests that an amended Scheduling Order be issued in this matter. Mr. Sherman is not opposed to the issuance of a new Scheduling Order, but does not want it done in such a fashion as to preclude the possibility of amendments or future settlement dialogue. Plaintiff is not opposed to modify the Scheduling Order further if there are serious settlement negotiations. For now, though, Plaintiff simply wishes to place this matter on track for trial as it does not appear that there is any movement towards meaningful settlement discussions.

  Should you require additional information or clarification, the Parties are more than amenable to providing you with such information or clarification.

Respectfully submitted:

*/s/ Wes P. Henderson*

Wes P. Henderson

WPH/kd

cc: Jeffrey M. Sherman, Esquire
   Jeffrey M. Orenstein, Esquire
   Geoffrey H. Genth, Esquire

2127 ESPEY COURT, SUITE 204
CROFTON, MD 21114

PHONE 410.721.1979  FAX 410.721.2258  WWW.HENDERSONLAWLLC.COM